HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEFFREY GRIEFF,

        Plaintiff,

  v.

BRIGANDI COIN CO.,

        Defendant.

CASE NO. C14-214 RAJ

ORDER

This matter comes before the court on plaintiff's motion for attorney's fees and costs based on this court's order granting plaintiff's motion to remand. Dkt. # 32.

When a court remands an improperly removed action, it may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal. 28 U.S.C. § 1447(c). In general, a court should award attorney's fees under this provision only where the removing party lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Based on the court's calculations before attorney's fees, the court calculated that the total purchase price of the memorabilia as alleged in the complaint ($7,795), interest for loss of use ($13,095.60), loss of appreciation ($1,559), and treble damages under the

ORDER- 1

Consumer Protection Act ($25,000) was $47,447.60.  Dkt. # 31 at 3-4.  The court's calculation was less than defendant's calculation because there was a dispute regarding the value of the memorabilia, and the court based its calculation on the allegations of the complaint.  According to defendant, the value of the memorabilia was $12,950, which resulted in $21,756 for loss of use and $2,590 for loss of appreciation.  Dkt. # 19 at 7.  The court finds that, although the court ultimately disagreed, defendant was not objectively unreasonable in valuing the memorabilia at $12,950, which would have resulted in a pre-attorney's fees amount in controversy of $62,296, which is just $12,704 shy of the $75,000 threshold.

However, the court also noted that the Ninth Circuit had not squarely addressed whether future attorney's fees should be included in calculating the amount in controversy, and that district courts in the Ninth Circuit were split on this issue.  *Id.* at 4.  Since the Ninth Circuit was silent on this issue, and district courts in this Circuit (as well as this District) were split, defendant reasonably took the position that plaintiff's counsel's future tasks should be included in the amount in controversy.  Defendant also reasonably estimated plaintiff's counsel's hourly rate to be $350 per hour.  Dkt. # 20 (Brigandi Jr. Decl.) ¶ 7.  Defendant's counsel estimated that he had devoted sixty-five hours to this case.  *Id.* ¶ 8.  Plaintiff's counsel seeks an award of $9,443.50 solely to oppose removal, which does not include the time spent opposing defendant's motion to dismiss or his motion for protective order.  Given plaintiff's own estimate of attorney's fees on one out of the three pending motions, had the court found that future attorney's fees were proper, the future fees would easily cause the amount in controversy to exceed the $75,000 threshold.  Accordingly, the court finds that defendant was not objectively unreasonable in seeking to remove this case.

For all the foregoing reasons, the court DENIES plaintiff's motion for attorney's fees.

1    Dated this 4th day of August, 2014.

*(signature)*

The Honorable Richard A. Jones
United States District Judge

ORDER- 3